## Lake Erie & W. R. R. Co. v. Ludvig Ericson.

1. FIRES ESCAPING FROM LOCOMOTIVES—*Prima Facie Case.*—Proof of the destruction of property, by fire escaping from a locomotive, raises a *prima facie* case of negligence, which the defendant may rebut by showing the absence of negligence, or that the plaintiff's own fault or negligence contributed to the injury.

**Trespass on the Case,** for negligently spreading fire. Trial in the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

CLOUD & KERR, attorneys for appellant.

It is error to instruct the jury that evidence of the setting of a fire by sparks escaping from a locomotive engine "makes a *prima facie* case of negligence" against the railroad company. 3 Starr & Curtis' Ann. Stat., 3294, Par. 123; T., W. & W. R. Co. v. Larmon, 67 Ill. 68, 71; C. & E. I. R. R. Co. v. Goyette, 133 Id. 21.

SCHNEIDER & CLEMENTS, attorneys for appellee.

When there is evidence presented to rebut *prima facie* case, and this evidence is insufficient, the jury are sole

judges of whether that insufficiency is to be attributed to the character of the machinery or the competency of the servants. L. E. & St. L. R. R. Co. v. Spencer, 149 Ill. 104.

Failure to prove that fireman was careful at the particular time in question after a *prima facie* case is established leaves a presumption that appellant was negligent. C. & A. R. R. Co. v. Quaintance, 58 Ill. 398.

MR. JUSTICE WRIGHT delivered the opinion of the court.
Appellee brought a suit in case against appellant for negligently spreading fire upon his premises, causing the destruction of hay and grass, for which he recovered a verdict and judgment for $30, to reverse which appellant appeals to this court, and for cause for such reversal insists the verdict is against the weight of the evidence and the court gave improper instructions to the jury.

It is first argued against the verdict that the evidence fails to prove that appellant communicated the fire to the premises of appellee. An examination of the evidence discloses that appellee's farm is north of the track of the railroad, and that on the 17th February, 1898, the day of the fire, there was a strong south wind, and directly after the passing of a passenger and a freight train, they being about a mile apart, the fire on appellee's premises was discovered. After the fire a small coal cinder was found at the place where the fire appeared to have started. From these facts and other circumstances in proof, we think the jury were warranted in finding that the fire was communicated from one of appellant's engines, and in the absence of proof in the record that there existed other sources from which the fire could have spread, the inference was conclusive that the fire did escape from one of the engines. It being established by the evidence, as we think it clearly was, that the fire was communicated from the locomotive engine of appellant the provisions of the statute in such cases become operative, by which it is declared that such fact shall be taken as full *prima facie* evidence to charge with negligence the corporation who shall at the time of such injury by fire be in use and occupation of such railroad, and also those who

shall at the time have the care and management of such engine. The burden was therefore cast upon appellant to rebut by evidence legally sufficient for such purpose, the legal presumption of negligence created by the statute. This it endeavored to do by showing that its engines were equipped with approved modern appliances in general use for arresting sparks; that they were in good repair and condition and skillfully operated by competent servants. The jury heard and considered all the evidence and decided against appellant's contention. A strong circumstance in the case upon this point is, that a coal cinder about the size of the end of a lead pencil, and a quarter of an inch long, was found at the place where the fire ignited. This fact, in view of all the evidence in the case, we think justified the jury in finding that reasonable care had been omitted in providing the equipment of the engine, either in its original construction or examination and repair afterward, or in its operation.

While the instructions to the jury, of which counsel complain, may not be wholly free from the objections made to them, we do not think any harmful error has occurred in this respect. When all the instructions are considered together, those given at the instance of appellant, as well as those on the part of appellee, it appears the law was fairly given to the jury as favorably as the rights of appellant could demand, so far as applicable to the evidence and the issues being tried.

Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.